**THE FLEISHMAN LAW FIRM**
Charles J. Fleishman Bar# 46405
Paul A. Fleishman Bar# 251657
21243 Ventura Blvd. #141
Woodland Hills, CA 91364
Telephone #: (818)805-3161
Fax #: (818)805-3163
erisa@erisarights.com
Attorneys for **Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL NAVARRO | NO. |
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE BENEFIT PLAN |
| vs. | |
| SEDGWICK CMS, a corporation; SOUTHERN CALIFORNIA EDISON COMPANY, a corporation; SOUTHERN CALIFORNIA EDISON COMPANY LONG TERM DISABILITY PLAN, an ERISA plan; DOES 1 through 10, inclusive | |
| Defendants. | |

COMES NOW THE PLAINTIFF, Miguel Navarro, and for cause of action against all defendants, alleges as follows:

1. JURISDICTION. This court has subject matter jurisdiction of this dispute without regard to the citizenship of the parties pursuant to 29 USC 1132(a)(1)(B) and (e)(1).

2. Plaintiff is and was at all times herein mentioned, a resident of the County of San Bernardino, State of California.

1
Complaint

3. Plaintiff is informed and believes, and based upon such information and belief alleges, that defendant Southern California Edison Company Long Term Disability Plan (hereafter "Plan") is an ERISA plan formed by Southern California Edison (hereafter "Edison") under which plaintiff is entitled to benefits. Defendant Sedgwick CMS (hereafter "Sedgwick") is the claims administrator. At all times herein mentioned, plaintiff was entitled to long term disability benefits, and other benefits under the Plan. Said benefits were to be given to plaintiff should he become disabled.

4. Plaintiff is informed and believes, and based upon such information and belief alleges that Edison is a corporation pursuant to the laws of one or more of The United States and was, at all times relevant hereto, the company obligated to provide the benefits that the Plaintiff herein seeks.

5. Plaintiff is informed and believes, and based upon such information and belief alleges that Sedgwick is a corporation pursuant to the laws of one or more of The United States and was hired by Edison to administer Plaintiff's claim.

6. Plaintiff is unaware of the true names and capacities of defendants named herein as DOES 1 through 10 and has therefore named such defendants by such fictitious names. Plaintiff will ask leave of court to amend the complaint to state the true names and capacities of the DOE defendants when the same are ascertained.

7. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was acting as the agent and employee of each of the remaining defendants with regard to all actions described herein and all benefits due plaintiff and all damage caused to plaintiff.

8. Plaintiff was employed as a Customer Solutions Representative 3 by Edison until he became disabled on or about January 15, 2015. As an employee of Edison, he was eligible for the protection of the Plan. When he became disabled, he became eligible for the disability benefits of the Plan and to other benefits. Defendants have

arbitrarily and in bad faith refused to make payments to plaintiff as required by the Plan.

9. Plaintiff was initially paid disability benefits until June 12, 2016 at which point Sedgwick denied his claim for long term disability benefits. Plaintiff timely appealed the denial of his disability benefits, and on December 2, 2016 Sedgwick denied his final appeal.

10. On or about January 12, 2017 Edison informed Plaintiff that his permanent restrictions preclude him from qualifying for Edison's Return to Work Program because he could not work full time.

11. Plaintiff has been denied the benefits which are due him under the Plan and has suffered and is continuing to suffer economic loss as a result thereof from June 12, 2016. Plaintiff is entitled to an award of interest on all money that should have been paid to him.

12. Plaintiff has been required to hire attorneys to represent him in this matter and to recover benefits due him under the Plan. Plaintiff has and will incur attorney fees. The exact amount is unknown to plaintiff and he seeks leave to amend this complaint when the same has been ascertained or at the time of trial according to proof.

13. A controversy now exists between the parties as to whether Plaintiff is disabled under the terms of the Plan. Plaintiff seeks a declaration by this Court that he meets the Plan definition of disability and is entitled to continued disability benefits from Defendants. Plaintiff further seeks a declaration by this Court that, if in fact she is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date his benefits were denied.

WHEREFORE, plaintiff prays judgment against the defendants and each of them as follows:

Complaint

1. For all benefits due him in the past and future under the plan plus interest;

2. For a declaration by this Court that, if in fact he is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date his LTD benefits were terminated.

3. For reasonable attorney fees;

4. For costs of suit; and

5. For such other and further relief as this court may deem just and proper.

DATED:  February 28, 2017

/s/Paul Fleishman

PAUL FLEISHMAN